IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MILTON A. DEWBERRY,      )
                                    )
           Petitioner,      )
                                    )
                                    )     CIV-15-980-HE
v.                             )
                                    )
ROBERT PATTON, Director,      )
                                    )
           Respondent.     )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Burglary in the Second Degree after two or more felony convictions and Possession of Burglary Implements entered in the District Court of Oklahoma County, Case No. CF-2012-3434. Respondent has responded to the Petition and filed the relevant state court records, including the transcript of Petitioner's trial (hereinafter "TR__"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

I. Background

Petitioner and a co-defendant were charged by information filed on June 4, 2012, in the District Court of Oklahoma County, Case No. CF-2012-3434, with the felony offense of Burglary in the Second Degree and the misdemeanor offense of Possession of Burglar's

1

Implements. Petitioner was charged with having committed the second degree burglary offense after multiple prior felony convictions. Counsel was appointed to represent Petitioner. However, during a hearing conducted on July 17, 2012, Petitioner chose to represent himself after being fully informed of his rights to representation and the consequences of his election to proceed *pro se*. The court appointed the public defender's office as stand-by counsel to consult with Petitioner but not to represent him in court proceedings.

At a hearing conducted on March 8, 2013, Petitioner reiterated his desire to proceed without counsel. The court again appointed the public defender's office as a consultant for Petitioner. On February 28, 2013, the State filed an amended information in Case No. CF-2012-3434 charging Petitioner with having committed the second degree burglary offense after five prior felony convictions.

A jury trial was conducted on the charges on April 22-23, 2013, and the jury found Petitioner guilty of the offenses. In a second-stage proceeding, Petitioner was found guilty of having committed the felony burglary offense after two or more prior felony convictions. The jury recommended punishment of 29 years of imprisonment for the second degree burglary conviction and one year of imprisonment for the misdemeanor Possession of Burglar's Implements offense.

At a sentencing hearing conducted on April 29, 2013, the court sentenced Petitioner consistent with the jury's recommendation to a 29-year term of imprisonment for the second degree burglary conviction and a one-year term of imprisonment for the Possession of

Burglar's Implements conviction, with the sentences to run concurrently.

Petitioner appealed the convictions. With counsel, Petitioner asserted five grounds for relief. In his first proposition, Petitioner asserted that his statutory right to the presumption of innocence was denied when the trial court informed the jury a deputy was present because Petitioner was in the custody of the Sheriff's Office. In his second proposition, Petitioner asserted that the trial court erred by failing to instruct the jury on the lesser offense of breaking and entering. In his third proposition, Petitioner contended that there was insufficient evidence of second degree burglary presented at his trial because the State failed to prove the required element of an intent to commit a crime in the building. In his fourth ground, Petitioner asserted that the trial court erred in admitting into evidence the surveillance video of the offense. In his fifth proposition, Petitioner asserted that cumulative errors denied him a fair trial.

Petitioner presented four additional claims in a "Supplemental *Pro Se* Brief" submitted pursuant to Oklahoma Court of Criminal Appeals ("OCCA") Rule 3.4(E). The OCCA reviewed the merits of each of Petitioner's claims, rejected each of those claims, and affirmed the convictions and sentences.

Before this Court, Petitioner asserts two grounds for federal habeas relief. In ground one, Petitioner asserts that the trial court erred by failing to give a lesser included offense instruction for the offense of breaking and entering. In ground two, Petitioner contends that the evidence presented at his trial was insufficient to support the jury finding of guilt as to the second degree burglary offense.

II. Standard of Review of Constitutional Claims

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court cannot grant habeas relief with respect to a claim of a constitutional deprivation raised by a state prisoner that was adjudicated on its merits in state court proceedings unless the (1) state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).

A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Id. at 405-406, 413. A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003).

"[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(per curiam)(citations omitted). See Cullen v. Pinholster, 563 U.S. 170, 181

(2011)(federal habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").  Further, state-court findings of fact are presumed correct and entitled to deference. 28 U.S.C. § 2254(e)(1).

III. Failure to Give Requested Lesser Offense Instruction

In ground one of the Petition, Petitioner asserts that the trial court erred when it failed to give the jury his requested instruction on the lesser included offense of breaking and entering.  Respondent contends that this claim does not present a cognizable claim that may be reviewed in a federal habeas proceeding.

In its review of this claim in Petitioner's appeal, the OCCA first noted the appellate court's standard for reviewing such claims.  The OCCA stated that a trial court's decision on which instructions are given to a jury is reviewed for an abuse of discretion. Response, Ex. 4, at 3.  Further, the court stated that under the court's own precedent, "[a] defendant is entitled to a lesser-included offense instruction . . . only when the instruction is warranted by the evidence" and the court would "look[ ] at whether the evidence might allow a jury to acquit the defendant of the greater offense and convict him of the lesser." Id. at 3-4.

The OCCA next addressed the evidence presented at Petitioner's trial and found that

> [t]he evidence supported the finding that [Petitioner] entered the warehouse with the intent to steal property from inside.  The fact that he left empty handed did not diminish the inference of his intent to commit larceny as the equipment inside was too large and heavy to be moved easily and the alarm sounded shortly after he entered.  As the evidence belies any inference that [Petitioner] broke and entered the warehouse without intent to commit any crime therein [as required for the offense of breaking and entering], the trial court did not abuse its discretion

5

> in declining to give the requested instruction on the lesser offense of breaking and entering.

Id. at 4.

The Supreme Court has not recognized a federal constitutional right to a lesser included offense instruction in a non-capital case, and in this circuit courts follow an "automatic non-reviewability" rule "for claims based on a state court's failure in a non-capital case, to give a lesser included offense instruction." Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). See Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993)(internal quotations omitted)("A petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction, even if in [the court's] view there was sufficient evidence to warrant the giving of an instruction on a lesser included offense.").

Consequently, Petitioner has not stated a cognizable federal habeas claim regarding the issue asserted in ground one, and Petitioner is not entitled to federal habeas relief concerning his claim that the trial court erred by failing to give a lesser included offense instruction at his trial.

IV. Sufficiency of the Evidence

In ground two of the Petition, Petitioner contends that there was not sufficient evidence presented at his trial for a reasonable jury to have found beyond a reasonable doubt he was guilty of the offense of Burglary in the Second Degree. Petitioner relies on the same argument he presented in his direct appeal, asserting there was no evidence he had the intent to steal when he entered the building.

The Supreme Court has clearly established that "the relevant question" in a challenge to the sufficiency of the evidence presented at a trial "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996)(quoting Jackson).

In Petitioner's direct appeal, the OCCA applied Jackson's standard in reviewing this same claim and stated that "[a]fter reviewing the evidence in the light most favorable to the State, we find that any rational trier of fact could find beyond a reasonable doubt that [Petitioner] committed the crime of Second Degree Burglary." Response, at 4. The OCCA found that Petitioner's claim the State failed to prove the requisite element of intent to commit a crime in the entered building simply lacked any merit. Id.

In Oklahoma, the offense of burglary in the second degree requires proof that the accused broke and entered the building of another in which property is kept with the intent to commit a larceny therein. Okla. Stat. tit. 21, § 1435. The OCCA's decision in Petitioner's appeal includes factual findings concerning the evidence presented in Petitioner's trial. The OCCA found that the evidence at trial showed Petitioner "entered the warehouse" and "left empty handed . . . as the equipment inside was too large to be moved easily and the alarm sounded shortly after he entered." Id. at 4. The OCCA also found that the surveillance video introduced as evidence in Petitioner's trial "show[ed] [Petitioner] using a pry bar to try to gain access to the air conditioner outside the warehouse and then breaking into, entering and

subsequently running from the building" after an alarm sounded. Id. at 5.  Petitioner has not overcome the presumption of correctness attached to the OCCA's factual findings with the requisite clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In light of the OCCA's factual findings, a rational trier of fact could have found beyond a reasonable doubt that Petitioner entered the warehouse with the intent to commit larceny therein.  In addition to the factual findings made by the OCCA, the evidence presented at Petitioner's trial included the testimony of the owner of the building.  The owner testified that the two individuals appearing on the surveillance video did not have permission to enter his building and that the building contained mostly large equipment used in a janitorial supply business. The evidence also showed that Petitioner was a passenger in a car stopped not far from the warehouse and that a pry bar and large screwdriver were recovered from the car in which Petitioner was riding.  Although the evidence of Petitioner's intent was circumstantial as the owner testified nothing was missing from his building, there was more than sufficient evidence for a rational jury to have found that Petitioner entered the building with the intent to steal the building owner's property.  Petitioner has not demonstrated that the OCCA's resolution of this claim was contrary to or unreasonably applied the controlling Jackson standard.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED.  The parties are advised of their

8

respective right to file an objection to this Report and Recommendation with the Clerk of this Court by _____February 10th_, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(2). The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this _____21st_____ day of _____January_____, 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE