# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MILTON A. DEWBERRY,             )
                                )
            Petitioner,          )
                                )
vs.                              )      NO. CIV-15-0980-HE
                                )
ROBERT PATTON, Director,         )
                                )
            Respondent.          )

## ORDER

Petitioner, Milton A. Dewberry, a state prisoner proceeding *pro se*, filed this action seeking habeas relief pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Gary M. Purcell, who has issued a Report and Recommendation recommending that the petition be denied.

Petitioner was convicted by a jury in the District Court of Oklahoma County of Burglary in the Second Degree after two or more felony convictions and Possession of Burglary Implements. He was sentenced to twenty-nine years imprisonment for the burglary conviction and a one year term of imprisonment for the possession of implements conviction, with the sentences to run concurrently. He appealed, presenting nine grounds for relief. The Oklahoma Court of Criminal Appeals ("OCCA") considered the merits of each of petitioner's claims and rejected them, affirming his convictions and sentences.

In his habeas petition, petitioner raises two grounds for relief – that the trial court erred in failing to give a lesser included offense instruction for the offense of breaking and entering (ground one) and that the evidence was insufficient to support his conviction of

second degree burglary (ground two).

Noting that the Supreme Court has not recognized a federal constitutional right to a lesser included offense instruction in a non-capital case, the magistrate judge rejected petitioner's first ground.[1] He also rejected his second ground, concluding that the OCCA's determination that there was sufficient evidence that petitioner had the intent to steal when he entered the building was neither contrary to nor an unreasonable application of Jackson v. Virginia, 443 U.S. 307, 319 (1979), the applicable federal standard.

Petitioner has filed an objection in which he challenges the Supreme Court's and Tenth Circuit's refusal to recognize a federal constitutional right to a lesser included offense instruction in non-capital cases. He also contends that the State established nothing more than that "[t]he building was broken into and entered," Doc. # 30, p. 9, and thus the required intent to steal needed to establish the crime of burglary in the second degree was missing.

Neither of petitioner's arguments is persuasive. The court agrees with Magistrate Judge Purcell's analysis of petitioner's claims and adopts his Report and Recommendation.

Accordingly, the court **DENIES** the petition for writ of habeas corpus. The court also **DENIES** a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[1] The magistrate judge also relied on the Tenth Circuit's "'automatic non-reviewability' rule 'for claims based on a state court's failure in a non-capital case, to give a lesser included offense instruction.'" Report and Recommendation, Doc. #21, at p. 6 (quoting Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004)).

**IT IS SO ORDERED**.

Dated this 27th day of May, 2016.

                                              JOE HEATON
                                              CHIEF U.S. DISTRICT JUDGE